IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**v.**                                                                        **CRIMINAL NO. 1:24-cr-5-TBM-RPM**

**MARTIN LOUIS WILLIAMS**                                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

*Pro se* Defendant Martin Louis Williams has filed a Motion for Return of Property [19] under Federal Rule of Criminal Procedure 41(g), seeking the return of his silver 2012 Audi A6. Williams' car was seized by the Drug Enforcement Administration ("DEA") for forfeiture following his arrest for drug trafficking in Hancock County, Mississippi. Williams argues that his car should be returned because the Government failed to provide him with notice of the forfeiture proceeding. The Government seeks to dismiss Williams' Motion, arguing that the Court lacks jurisdiction to consider it because no equitable remedy can be pursued outside the legal procedures established by Congress under the Civil Asset Forfeiture Reform Act ("CAFRA"). Recognizing CAFRA as the exclusive remedy, the Government also argues that this Court was without its equitable jurisdiction once the DEA commenced the administrative forfeiture proceeding.

After reviewing the motions, briefs, and letters submitted by the parties, the Government's position is well taken. Once the administrative forfeiture proceeding was initiated, this Court was divested of its equitable jurisdiction to grant Williams any relief through his Rule 41(g) Motion. For the reasons stated more fully below, the Government's Motion to Dismiss [20] is granted and Williams' Motion for Return of Property [19] is denied without prejudice.

## I. BACKGROUND & PROCEDURAL HISTORY

On May 15, 2023, law enforcement officers from the Hancock County Sheriff's Office, Mississippi Bureau of Narcotics, and DEA pulled Williams over and conducted a probable cause search of his car during the traffic stop. [21], p. 1. During the search, the deputies found a plastic shopping bag with approximately "1,000 pills containing a fentanyl/methylenedioxymethamphetamine mixture" and approximately "0.5 pounds of marijuana, in addition to a small electronic scale." *Id.* Williams was arrested on federal drug-trafficking charges and his car was seized for forfeiture as property facilitating drug trafficking. *Id.* Williams was ultimately charged in a single count indictment for possession with intent to distribute a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *Id.* He entered into a plea agreement with the assistance of counsel. *Id.* at 2. On July 2, 2024, Williams was sentenced to 42 months in prison, three years of supervised release, and fined $3,000 with a special assessment of $100. *Id.*

While Williams was in custody, the DEA placed his car into administrative forfeiture proceedings. [22], pps. 1-2. Direct notice of the forfeiture was mailed on July 11, 2023, to Williams' address in Lawrenceville, Georgia, and to the Harrison County Jail, where he was thought to be housed. *Id.* at 2. But Williams had been transferred to the Pearl River County Jail on June 30, 2023. Thus, the mail was returned as unclaimed and undeliverable on August 2, 2023, and July 22, 2023, respectively. *Id.* at 2. Publication of the notice of the forfeiture began on July 24, 2023, and the deadline for filing a claim with the Government was September 22, 2023. *Id.* The Government sent direct notice to Williams via certified mail again on August 15, 2024, to Plaquemines Parish Detention Facility, and on November 14, 2024 to Lenoir Rowell Criminal Justice Center. *Id.* at 2-

3. Williams did not receive the mail. *Id*. As of February 20, 2025, Williams says that the Government has now provided him with direct notice of the forfeiture action via mail to the Federal Medical Center in Lexington, Kentucky. [22], p. 3; [24], p. 1.

On August 7, 2024, Williams filed his Motion for Return of Property [19] requesting that the Court set aside the forfeiture action and return his car. *See* [19], p. 2; [23], p. 5. The Government filed a Motion to Dismiss [20], arguing that Williams' Motion for Return of Property [19] should be dismissed because the Court lacks equitable jurisdiction to address it. It contends that no equitable remedy can proceed outside the legal procedures established by Congress under CAFRA, as long as an agency commenced the forfeiture within 60 days of the seizure. *See* [22], p. 10. Williams asserts that "at no time has [he] received notification by any agency of Administrative or Judicial Forfeiture." [19], p. 1. He argues that "had the Government followed all procedures to locate and serve proper notice on [him], he would have followed all instructions given to him . . . to retrieve his property." [23], p. 2. Williams also argues that the Government "did not provide an adequate reason as to why [his] case has not been closed if [the Government] followed the notice and forfeiture rules according to the Due Process clause." *Id*. at 3. He claims that the Government left the forfeiture action open, providing him with no adequate remedy, and intentionally sent notices to locations where it knew he would not be present. [23], pps. 3-4.

## II. STANDARD OF REVIEW

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996). Because the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980). When a Rule 12(b)(1) motion is filed alongside other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.*

### III. DISCUSSION

There are three types of forfeiture actions under federal law: "(1) administrative forfeiture, otherwise known as non-judicial forfeiture; (2) judicial civil forfeiture; and (3) criminal forfeiture." *United States v. $106,804.47 in Funds Seized from Truist Bank Acct. No. XXXXXXXXXXXX*, No. 1:21-cv-03917-ELR, 2022 WL 19332042, at *2 (N.D. Ga. Aug. 17, 2022). Here, the Government has commenced an administrative forfeiture proceeding. *See* [22], pps. 1-2. In 2000, Congress enacted CAFRA, "which overhauled procedures for most federal civil and nonjudicial forfeiture actions initiated after August 23, 2000, including those brought against property subject to forfeiture under 18 U.S.C. § 981." *Vazquez v. U.S. Drug Enf't Admin.*, 823 F.3d 280, 282 n.1 (5th Cir. 2016). Section 983(e) of CAFRA codified the practice of federal courts exercising equitable jurisdiction to review the merits of a forfeiture matter, setting forth an exclusive remedy for challenging a closed forfeiture on the ground that the claimant did not receive proper notice. *See* 18 U.S.C. § 983(e).

The Fifth Circuit has stated:

> [B]ecause CAFRA provides the 'exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute,' the district court was deprived of its equitable remedy jurisdiction after CAFRA's enactment in 2000. *See* 18 U.S.C. § 983(e)(5). Congress may deprive the federal courts of their equitable remedy authority by establishing a comprehensive enforcement scheme with exclusive remedies for a statutory violation. *United States v. Babcock*, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011 (1919) ("where a statute creates a right and provides a special remedy, that remedy is exclusive").

*Conard v. United States*, 470 F. App'x 336, 339 (5th Cir. 2012).

Notably here, the forfeiture proceeding was timely initiated, and importantly, has not concluded. *See* [22], p. 8. Williams has not filed a claim; instead, he chose Rule 41(g) to retrieve his car and to challenge the forfeiture action due to insufficient notice. *See* [19]; [23]. Rule 41(g) allows an aggrieved person to move for the return of property seized by the Government. *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007). A motion filed under Rule 41(g) in a criminal docket once the case has closed, as in this case, is considered a new civil proceeding. *United States v. Marquez*, No. 21-51116, 2022 WL 17335821, at *1 n.1 (5th Cir. Nov. 30, 2022). The court "has discretion whether or not to exercise jurisdiction under Rule 41(g). This jurisdiction is exceptional and should be exercised with caution and restraint." *United States v. Hewitt*, No. 2:06-cr-20022-001, 2012 WL 13106051, at *1 (W.D. La. Sep. 18, 2012) (citing *Hunsucker v. Phinney*, 497 F.2d 29, 36 (5th Cir. 1974) (citation omitted)). Conversely, Rule 41(g) is unavailable if the litigant has an adequate remedy at law and will not suffer irreparable injury if relief is denied. *See Haberman v. United States*, 594 Fed. App'x 264 (5th Cir. 2015) (*unpub. op.*).

Here, the Government says that "the administrative forfeiture is still pending." [22], p. 5. As a result, the Court does not have jurisdiction to grant Williams any equitable remedy under Rule 41(g) because federal courts lack jurisdiction to review the merits of administrative forfeiture

decisions once the administrative process has begun. *See Wilhite v. United States*, No. 4:99-cv-813-E, 2001 WL 124937, at *4 (N.D. Tex. Jan. 12, 2001) (citing *Kadonsky v. United States*, 216 F.3d 499, 506 (5th Cir. 2000)); *Pakistan Nat. Shipping Corp. v. A Cargo of 2,733.82 M/T of Heavy Steel Scrap, in rem.*, 159 F. Supp. 2d 942, 946 (S.D. Tex. 2001) ("once the Government initiates forfeiture proceedings, the district court is divested of jurisdiction.").[1]

Moreover, Fifth Circuit precedent "limits district court jurisdiction over reviews of forfeiture orders to whether the forfeiture comported with constitutional due process guarantees." *See Kadonsky*, 216 F.3d at 506; *Conard*, 470 F. App'x at 338 ("Once an administrative forfeiture is complete, the district court may review only whether the forfeiture comported with constitutional due process guarantees."); *Jaramillo-Gonzalez v. United States*, 397 F. App'x 978, 980 (5th Cir. 2010) (same); *Taylor v. United States*, 483 F.3d 385, 388 (5th Cir. 2007); *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007); *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005). That is because forfeiture without adequate notice is void and must be vacated, but actual notice is not necessary. *See Bacon*, 546 F. App'x at 500 (citation omitted). Put another way, the Court's power to review a forfeiture action is limited to determining whether the forfeiture comported with constitutional due process guarantees once the forfeiture action has concluded. *See United States v. Schinnell*, 80 F.3d 1064, 1069 (5th Cir. 1996) (once an administrative forfeiture is completed, district courts lack jurisdiction to review the forfeiture except for failure to comply with procedural requirements or to comport with due process). Also, the Fifth Circuit has said that "the proper

---

[1] Other circuits have clearly stated that once an administrative forfeiture has commenced, the district court is divested of jurisdiction. *See, e.g., United States v. Cobb*, 646 F. App'x 70, 72 (2d Cir. 2016) ("It is true that, as the government argues, the general rule is that a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun."); *see also Ibarra v. United States*, 120 F.3d 472, 475–76 (4th Cir. 1997); *Linarez v. United States Dep't of Justice*, 2 F.3d 208, 212 (7th Cir. 1993).

place to litigate the legality of [a] seizure is in the forfeiture proceeding." *United States v. Hernandez*, 911 F.2d 981, 983 (5th Cir. 1990) (citation omitted). In other words, the forfeiture itself should be litigated within the administrative forfeiture proceeding process—not this Court.[2]

As a further point, "once a party receives notice of forfeiture proceedings, Rule 41(g) is no longer an accessible remedy." *United States v. One Million Seven Hundred Thousand Dollars in U.S. Currency*, 545 F. Supp. 2d 645, 653 (E.D. Mich. 2008). "A Rule 41(g) motion cannot be used to collaterally attack an administrative forfeiture proceeding." *United States v. Price*, 914 F.2d 1507, 1511, (D.C. Cir. 1990) (*per curiam*). "This is because Rule 41(g) provides an equitable remedy and is not available when a claimant has a[n] adequate legal remedy." *United States v. Premises of 2nd Amend. Guns, LLC*, 917 F. Supp. 2d 1120, 1122 (D. Or. 2012) (citation omitted); *see also De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006) (finding that Rule 41(g) provides "an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction"). And as of February 20, 2025, Williams says that the Government gave him direct notice of the forfeiture action via mail to FMC Lexington. [24], p. 1. Thus, "[r]elief under Rule 41(g) or in a 28 U.S.C. § 1331 action is unavailable" because Williams has "an adequate remedy at law and will not suffer irreparable injury if relief is denied." *Haberman*, 594 Fed. App'x at 264. Conversely, the Court finds that Williams' Motion for Return of Property under Rule 41(g) warrants dismissal. *See, e.g., United States v. $16,072.00 in United States Currency*, No. 117-cv-308-

---

[2] If Williams files a claim upon receiving direct notice, the Government will then have two options: "return his property or refer the case to the USAO for [] judicial forfeiture." [22], p. 9. "The filing of a claim to the seized property stops the administrative forfeiture process, and the government must then institute judicial forfeiture proceedings[.]" *United States v. Daniels*, No. CIV.A. 08-104, 2010 WL 5140853, at *2 (E.D. La. Dec. 10, 2010) (citing *Kadonsky*, 216 F.3d 499, 503 (5th Cir. 2000)); *see also Conard*, 470 F. App'x at 339 (where a claim is filed with the Government, "the administrative forfeiture proceedings are cancelled and referred to the United States Attorney's Office for initiation of judicial forfeiture proceedings."). Williams has chosen to challenge the administrative forfeiture proceeding through his Rule 41(g) Motion [19] instead of filing a claim, and the Court lacks jurisdiction to grant such relief.

7

GLS-DJS, 2018 WL 1628828, at *2 (N.D.N.Y. Mar. 30, 2018) ("[M]otion pursuant to Fed. R. Crim. P. 41(g) is denied as improper because the current civil forfeiture proceeding affords him an adequate remedy at law."); *see also Abernathy v. Kral*, 305 F. Supp. 3d 795, 797 (N.D. Ohio 2018) ("I dismiss plaintiff's motions for return of property without prejudice to his rights to challenge the seizure in the pending civil forfeiture action.").

For the reasons stated above, Williams' Motion for Return of Property [19] under the Federal Rule of Criminal Procedure 41(g) is denied without prejudice.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Martin Louis Williams' Motion for Return of Property [19] is DENIED WITHOUT PREJUDICE because the administrative forfeiture of his property deprived this Court of subject matter jurisdiction to address his Rule 41(g) motion.

IT IS FURTHER ORDERED AND ADJUDGED that the Government's Motion to Dismiss [20] is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that Martin Louis Williams' civil proceeding brought pursuant to his post-conviction Rule 41(g) motion is DISMISSED WITHOUT PREJUDICE.[3]

This, the 13th day of June 2025.

                                                          **TAYLOR B. McNEEL**
                                                          **UNITED STATES DISTRICT JUDGE**

---

[3] *See United States v. Marquez*, No. 21-51116, 2022 WL 17335821, at *1 n.1 (5th Cir. Nov. 30, 2022) ("A motion filed under Rule 41(g) in a criminal docket once the case has closed [] is considered a new civil proceeding.").